UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TYLER BOLAND-MANKA                                              CIVIL ACTION

VERSUS

IRA RICHARD, ET AL.                                        NO.: 3:13-cv-00692-BAJ-SCR

## RULING AND ORDER

Plaintiff's action was removed to this Court from the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, pursuant to 28 U.S.C. § 1441. (Doc. 2). In its Notice of Removal, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") invokes the Court's general diversity jurisdiction, as described in 28 U.S.C. § 1332(a). (Doc. 2 at ¶ 6).[1] However, upon independent review of State Farm's removal materials, the Court concludes that it lacks subject matter jurisdiction because State Farm has failed to establish that the amount in controversy likely exceeds $75,000.00. Accordingly for reasons fully explained below, this action will be remanded to the Nineteenth Judicial District Court of East Baton Rouge, as required by 28 U.S.C. § 1447(c).

---

[1] For reasons unexplained, State Farm filed its Notice of Removal and related exhibits twice—first on October 22, 2014 (Doc. 1), and again on October 24, 2014, (Doc. 2). In all respects, these filings are identical. (*Compare* Doc. 1 (State Farm's October 22, 2014 Notice of Removal and related exhibits), *with* Doc. 2 (State Farm's October 24, 2014 Notice of Removal and related exhibits)). To avoid confusion, the Court will treat State Farm's October 24 filing as a superseding Notice of Removal, and base its findings on that Notice and exhibits.

19th JDC - certified                         1

## I. BACKGROUND

This case arises out of a motor vehicle collision. Specifically, Plaintiff Tyler Boland-Manka ("Boland") alleges that in the early morning hours of October 6, 2012, he was walking across Nicholson Drive in Baton Rouge, Louisiana when he was struck by motorist Ira Richard ("Richard"). (Doc. 2 at ¶ 2). Thereafter, on September 11, 2013, Boland sued Richard, as well as Defendants State Farm and Farmers Texas County Mutual Insurance ("Farmers Insurance") in Louisiana's Nineteenth Judicial District Court. (*Id.* at ¶¶ 4–6). Boland's petition alleges that Richard's negligence resulted in the collision. (*Id.* at ¶ 5).

For the Court's purposes, it is the nature of Boland's damages that is significant. In accordance with Louisiana law, Boland's Petition did not specify the dollar amount of his damages claim. *See* La. C.C.P. Art. 893(A)(1). Rather, Boland's Petition states merely that, as a result of the collision, he suffered: "[m]edical and related expenses"; "[p]hysical injury"; "[p]hysical pain and suffering"; "[m]ental anguish and distress"; "[l]oss of earnings/[l]oss of earning capacity"; "[l]oss of enjoyment of life"; and "[o]ther items of damage which may be shown through discovery or trial." (*Id.* at ¶ 5).

On October 24, 2013, State Farm removed Boland's action to this Court pursuant to 28 U.S.C. §§ 1441 and 1332(a). (Doc. 2 at ¶¶ 6). Regarding § 1332's diversity of citizenship requirement, State Farm explained that Boland is a citizen of Virginia, Richard is a citizen Louisiana, and corporate defendants State Farm and Farmers Insurance are citizens of Illinois and Texas, respectively. (*Id.* at ¶¶ 7–

10). As to § 1332's amount in controversy requirement, State Farm quoted portions of Boland's Petition for Damages, and noted that "Plaintiff has not stipulated or otherwise limited the damages he is seeking to an amount less than . . . $75,000.00." (*Id.* at ¶¶ 4–6).

State Farm accompanied its Notice of Removal with: (1) Boland's state court Petition, (Doc. 2-1); (2) an affidavit from Barbara Leblanc, State Farm's litigation insurance adjuster, attesting to State Farm's corporate citizenship, (Doc. 2-2); and (3) Boland's response to State Farm's first request for admissions, (Doc. 2-3). Among these materials, the only indicator of the value of Boland's claim is Boland's denial that "the cause of action [he is] asserting . . . does not exceed a total of FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00)." (Doc. 2-3 at p. 1).

Various motions and rulings followed. At no time during this action's pendency in this Court has Boland sought remand to state court. However, mindful of its "continuing obligation to examine the basis for [its] jurisdiction," the Court *sua sponte* examines whether § 1332(a)'s prerequisites are met. *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Oral argument is not necessary.

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Indeed, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the

3

party asserting jurisdiction." *Id.* (citations omitted). The Court's "obligation to examine the basis for [its] jurisdiction" is "continuing," and "[t]he issue may be raised . . . by the court *sua sponte,* at any time." *MCG*, 896 F.2d at 173.

In pertinent part, 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The question of "removal jurisdiction [is determined] on the basis of claims in the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In its Notice of Removal, State Farm asserts a single basis for federal subject matter jurisdiction: traditional diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 2 at ¶ 6). Where a case is removed on the basis of diversity jurisdiction, the defendant must show "(1) complete diversity of the parties and (2) an amount-in-controversy that exceeds $75,000." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). Here, the Court is satisfied that complete diversity exists between Plaintiff Boland (Virginia citizen), and Defendants Richard (Louisiana

4

citizen), State Farm (Illinois corporation with its principle place of business in Illinois), and Farmers Insurance (Texas corporation with its principle place of business in Texas). *See id.*

It is a different matter, however, whether State Farm has satisfied § 1332(a)'s amount-in-controversy requirement. As previously stated, Boland's Petition for Damages did not specify the monetary value of his claims. "In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). "To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or an accompanying affidavit to show that the amount-in-controversy is met." *Felton*, 324 F.3d at 773–74. If the defendant "establishe[s] by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount," the question becomes whether the plaintiff can demonstrate it is "legally certain" she cannot recover more than the jurisdictional amount. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387–88 (5th Cir. 2009).

> *1. Whether State Farm's Notice of Removal and/or accompanying exhibits establish facts to show that the amount in controversy likely exceeds $75,000.00*

Beyond noting that "[Boland] has not stipulated to or otherwise limited the damages that he is seeking to an amount less than $75,000.00," State Farm's Notice

5

of Removal fails to set forth additional facts to support a determination that the amount-in-controversy requirement is satisfied. *Simon*, 193 F.3d at 850. Further, the *only* evidence State Farm submitted in support of its contention that the amount-in-controversy threshold is met is Boland's *denial* that "the cause of action . . . does not exceed a total of . . . $50,000.00." (Doc. 2-3 at p. 1). Lacking additional specificity and/or proof, the Court cannot say that the Notice of Removal and accompanying exhibits establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See Felton*, 324 F.3d at 773–74. Accordingly, "removal was proper *only* if the jurisdictional amount was 'facially apparent' from the complaint." *Simon*, 193 F.3d at 850 (emphasis added).

    *2. Whether it is "facially apparent" from Boland's Petition for Damages that his claim likely exceeds $75,000.00*

It is even less apparent from Boland's Petition that the amount in controversy satisfies the jurisdictional minimum. As stated, Boland seeks damages for: (1) "[m]edical and related expenses"; (2) "[p]hysical injury"; (3) "[p]hysical pain and suffering"; (4) "[m]ental anguish and distress"; (5) "[l]oss of earnings/[l]oss of earning capacity"; (6) "[l]oss of enjoyment of life"; and (7) "other items of damage which may be shown through discovery or at trial." (Doc. 2-1 at ¶ 5). However, Boland's Petition provides no additional information regarding the nature and/or extent of his injuries. (*See generally id.*). Nor does Boland's Petition demand a jury trial, which would *at least* indicate a minimum amount in controversy in excess of $50,000.00. *See* La. C.C.P. Art. 1732(A)(1).

6

Simply put, the injuries alleged here are too vague to provide the Court any degree of confidence that Boland's Petition makes out a claim for more than $75,000.00. In reaching this conclusion, the Court heeds the Fifth Circuit's admonishment that "removal cannot be based simply upon conclusory allegations," *Felton*, 324 F.3d at 774 (quotation marks omitted), and draws from the Circuit's reasoning in analogous cases addressing whether § 1332's amount in controversy requirement was satisfied from the face of the state court petition. *See, e.g., Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (determining it was "facially apparent" that the amount in controversy likely exceeded $75,000.00 where the state court petition specifically alleged "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and . . . temporary inability to do housework after the hospitalization"); *Simon*, 193 F.3d at 851 (determining it was *not* facially apparent that the amount in controversy likely exceeded $75,000.00 where the state court petition "alleged, with little specificity, damages from *less severe* physical injuries [than those at issue in *Luckett*]—an injured shoulder, bruises, and abrasions—and *unidentified* medical expenses . . ., plus loss of consortium" (emphasis added)).

In sum, State Farm has failed to carry its burden of proving by a preponderance of the evidence that the amount in question exceeds the minimum for jurisdiction under 28 U.S.C. § 1332(a)(1). Having no basis to exercise jurisdiction over Boland's claims, this action "shall be remanded" pursuant to 28 U.S.C. § 1447(c).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that this action is **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Baton Rouge, Louisiana, this 21ST day of August, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**